UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RASHAD ABDULLAH and T.A., a minor, by and through her guardian, RANDY WALTON<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO JUVENILE PROBATION DEPARTMENT, CHIEF ALLEN NANCE, DEPUTY PROBATION OFFICER MOEGAGOGO TAMASESE, DEPUTY PROBATION OFFICER LYUDMILA BARANOV, and DOES 1-30, inclusive<br><br>Defendants. | Case No. 19-cv-05526-LB<br><br>**ORDER APPROVING MINOR'S COMPROMISE**<br><br>Re: ECF No. 67 |

### INTRODUCTION

This is a civil-rights case arising out of a wrongful incarceration of Plaintiff T.A., a thirteen-year-old.[1] T.A. and her father Rashad Abdullah (also a plaintiff) settled the case on June 2, 2020 for $150,000 and filed an unopposed motion for the court's approval of the minor's compromise.[2] All parties consented to magistrate-judge jurisdiction.[3] The court can decide the motion without oral argument, *see* N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

---

[1] First Amend. Compl. – ECF No. 42.

[2] Mot. to Approve Minor's Compromise – ECF No. 67 at 4, 7; Taft Decl. – ECF No. 67-1 at 3 (¶ 12).

[3] Consents – ECF Nos. 8, 13.

ORDER – Case No. 19-cv-05526-LB

## ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." *Id.* (cleaned up). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of federal claims, district courts "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

The $150,000 will be split as follows: $85,000 to T.A. and $65,000.[4] T.A.'s portion will be allocated follows:

(1) A payment of $20,000 will be deposited into a custodial account for the minor Plaintiff T.A. and delivered in accordance with the California Uniform Transfers to Minors Act and California Probate Code § 3611(f). The custodial account will be opened at a federally insured bank. Plaintiff T.A.'s father, Rashad Abdullah, is appointed custodian of the account and may expend the custodial property as he deems advisable for the sole use and benefit of T.A. Under California Probate Code § 3914(a), a court order is not required for the withdrawal of these funds.[5]

---

[4] Mot. – ECF No. 67 at 5; Taft Decl. – ECF No. 67-1 at 2 (¶ 6).
[5] Mot – ECF No. 67 at 4–5; Taft Decl. – ECF No. 67-1 at 2 (¶ 8).

United States District Court
Northern District of California

1  (2) The remaining $65,000 will be structured through the funding of an annuity from Independent Life Insurance Company. The periodic payments will be assigned to the Assignee, Independent Assignment Company, by way of a Qualified Assignment by the Defendants and/or their Insurer; the periodic payments will be guaranteed through the issuance of a Letter of Guarantee from Independent Life Insurance Company, assumed under the Qualified Assignment. In accordance with the structured settlement agreement, the Assignee will fund the obligation to make the periodic payments through the purchase of an annuity from Independent Life Insurance Company, who will make the future periodic payments to T.A. as follows:

   a. A $20,000.00 guaranteed lump sum, payable on December 16, 2023;
   b. $500.00 payable monthly, guaranteed for 4 years (48 guaranteed payments total), beginning on December 16, 2023, with the last guaranteed payment on November 16, 2027;
   c. A $25,375.71 guaranteed lump sum, payable on December 16, 2028.[6]

Any Payments made after the death of T.A. will be made to the Estate of T.A. (unless a designated beneficiary is otherwise listed within this document and if so, this sentence is not applicable). After the age of majority, T.A. may submit a change of beneficiary in writing to the Assignee. The designation must be in a form acceptable to the Assignee. The future periodic payment amounts outlined above are guaranteed based upon a projected annuity purchase date of December 22, 2020. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that will be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order/New Infants Compromise Order up to 180 days after original purchase date. The recovery will be paid by the Defendant and/or their Insurer by a check made payable to the Assignee, on behalf of T.A., a minor.[7]

---

[6] Mot – ECF No. 67 at 5; Taft Decl. – ECF No. 67-1 at 3 (¶¶ 9–11).

[7] Mot – ECF No. 67 at 5; Taft Decl. – ECF No. 67-1 at 3 (¶ 11).

The retainer agreement between the plaintiffs and their counsel provides that plaintiffs do not owe any attorney's fees because counsel provided their services and covered the costs of the litigation pro bono.[8] Accordingly, no portion of the settlement will be allocated to attorney's fees or costs.[9]

The court approves the settlement. It provides a substantial monetary benefit to T.A. that serves her interests through the $20,000 fund available to her through her father in the custodial account and in the structured $65,000. In light of the benefit that the minor child has received in the litigation, and for the reasons advanced in the motion for approval, the court finds that the settlement is reasonable.

## CONCLUSION

The court approves the minor's compromise and orders that the settlement be implemented according to its terms (and as described above). The parties must complete all necessary documents, and the defendants must fund the structured settlement annuities by December 22, 2020. The recovery will be paid by the defendants and/or their insurer by a check made payable to the Assignee, on behalf of T.A., a minor.

**IT IS SO ORDERED.**

Dated: November 4, 2020

LAUREL BEELER
United States Magistrate Judge

---

[8] Taft Decl. – ECF No. 67-1 at 2 (¶¶ 2–3).

[9] *Id.* (¶ 3).

ORDER – Case No. 19-cv-05526-LB    4